# United States Court of Appeals for the Federal Circuit

---

**BARBARA LEE CHAFIN,**
*Petitioner*

**v.**

**OFFICE OF PERSONNEL MANAGEMENT,**
*Respondent*

---

2024-2369

---

Petition for review of the Merit Systems Protection Board in No. AT-844E-20-0506-I-1.

---

Decided: May 27, 2026

---

LAWRENCE BERGER, Mahon & Berger, Esqs., Glen Cove, NY, for petitioner.

JANA MOSES, Commercial Litigation Branch, Civil Division, United States Department of Justice, Washington, DC, argued for respondent. Also represented by STEVEN JOHN GILLINGHAM, PATRICIA M. MCCARTHY, BRETT SHUMATE.

---

Before MOORE, *Chief Judge*, MAYER and LOURIE, *Circuit Judges*.

LOURIE, *Circuit Judge*.

Barbara Chafin petitions for review from a final decision of the Merit Systems Protection Board ("the Board") that affirmed the denial of her application for Federal Employees' Retirement System ("FERS") disability retirement benefits. J.A. 14–21 (Final Decision); J.A. 1–13 (Initial Decision). We affirm.

## BACKGROUND

In November 1987, Chafin began her employment as a GS-03 Operational Support Technician ("OST") with the Federal Bureau of Investigation ("the government") in its Miramar, Florida office. J.A. 2. In that role, Chafin performed "clerical, assistant, or technician work," and she was required to be physically present to perform those duties. J.A. 61; *see* J.A. 71. She drove from her home in Goulds, Florida to the Miramar office. J.A. 71.

In December 2016, Chafin was found to have engaged in workplace misconduct; specifically, that she was "under the influence while on duty." J.A. 2, 51. She was subsequently removed from her position in July 2018. J.A. 2.

In April 2019, Chafin applied for FERS disability retirement benefits with a retroactive start date of February 2018. J.A. 86–110; *see* 5 U.S.C. § 8451 (listing the requirements for FERS disability retirement). Relying on statements from her medical provider and work supervisor, Chafin contended that she had suffered numerous seizures that prevented her from driving to the Miramar office and completing the duties of an OST, and that she was therefore disabled. *See* J.A. 112. The Office of Personnel Management ("OPM") denied the application and request for reconsideration, determining that Chafin did not establish that her seizures prevented her from providing "useful and efficient service" as an OST, *see* 5 U.S.C. § 8451(a)(1)(B), and therefore that she did not establish that she was disabled. J.A. 52–53, 112.

Chafin then appealed to the Board. *See* J.A. 4. In an Initial Decision, the administrative judge ("the AJ") affirmed OPM's conclusion that Chafin was not disabled. J.A. 3–5. The AJ found that the evidence did not indicate that Chafin could not perform the essential functions of her OST position. J.A. 3–4. Moreover, the AJ rejected Chafin's argument that her inability to drive, together with the lack of public transportation and the prohibitive cost of ride-sharing services, should be considered in determining whether she could render useful and efficient service under § 8451(a)(1)(B). J.A. 4.

Chafin then petitioned for review of the Initial Decision by the full Board, which adopted the AJ's determination that Chafin was not disabled. J.A. 14–17.

Chafin timely petitioned to this court for review. We have jurisdiction under 28 U.S.C. § 1295(a)(9).

## DISCUSSION

We generally must affirm a final decision of the Board unless it was (1) arbitrary, capricious, an abuse of discretion, or otherwise not in accordance with law; (2) obtained without procedures required by law, rule or regulation having been followed; or (3) unsupported by substantial evidence. 5 U.S.C. § 7703(c). However, when OPM makes factual findings relating to physical disability determinations, such findings are final and conclusive and not subject to review by this court. *See id.* § 8461(d); *Anthony v. OPM*, 58 F.3d 620, 626 (Fed. Cir. 1995) ("[T]his court is precluded by 5 U.S.C. § 8461(d) from reviewing the factual underpinnings of physical disability determinations."). At the same time, we may address "whether there has been a substantial departure from important procedural rights, a misconstruction of the governing legislation, or some like error going to the heart of the administrative determination." *Anthony*, 58 F.3d at 626 (quoting *Lindahl v. OPM*, 470 U.S. 768, 791 (1985)) (internal quotation marks omitted).

## I

Chafin challenges the denial of her application for FERS disability retirement benefits under 5 U.S.C. § 8451(a)(1)(B) on two grounds. First, Chafin contends that it was legal error for the Board to refuse to consider evidence of her inability to make the commute to the government office in Miramar in determining that she was not unable to render useful and efficient service. Open. Br. 10–16. Second, Chafin argues that the Board's factual determination that she was not unable to render useful and efficient service was otherwise not adequately supported by the evidence. Open Br. 9–10. We address each argument in turn.

## A

We start with Chafin's argument that the Board legally erred in failing to consider evidence of her inability to drive, as well as the lack of available public transportation and the prohibitive cost of ride-sharing services, in determining that she was not unable to render useful and efficient service under 5 U.S.C. § 8451(a)(1)(B). Specifically, she argues that the reference to an employee's "commuting area" in § 8451(a)(2)(A), the next provision recited in the statute, suggests that an employee's ability to commute requires consideration of that issue in determining whether she is able to render useful and efficient service under. § 8451(a)(1)(B). *See* Open. Br. 15. We disagree.

Section 8451(a)(1)(B) recites:

> For purposes of this subsection, an employee shall be considered disabled only if the employee is found by [OPM] to be *unable, because of disease or injury, to render useful and efficient service in the employee's position*.

(emphasis added).

The very next provision of the statute, § 8451(a)(2)(A), recites:

> Notwithstanding paragraph (1), an employee shall not be eligible for disability retirement under this section if the employee has declined a reasonable offer of reassignment to a vacant position in the employee's agency for which the employee is qualified if the position—
>
>> (i) is at the same grade (or pay level) as the employee's most recent grade (or pay level) or higher;
>>
>> *(ii) is within the employee's commuting area*; and
>>
>> *(iii) is one in which the employee would be able to render useful and efficient service.*

(emphases added).

It is a fundamental canon of statutory construction that "where Congress includes particular language in one section of a statute but omits it in another section of the same Act, it is generally presumed that Congress acts intentionally and purposely in the disparate inclusion or exclusion." *Russello v. United States*, 464 U.S. 16, 23 (1983) (cleaned up). Applying that canon here demonstrates that the Board correctly refused to consider Chafin's inability to make the commute to the government office in Miramar in determining that she was not unable to render useful and efficient service under § 8451(a)(1)(B). We explain.

Both §§ 8451(a)(1)(B) and 8451(a)(2)(A) frame, in part, the disability retirement benefits inquiry in terms of whether the employee can "render useful and efficient service." Section 8451(a)(1)(B) recites that language in defining what an employee must show to be considered disabled: "an employee shall be considered disabled only if the employee is found by [OPM] to be unable, because of disease

or injury, to render useful and efficient service in the employee's position." *Id.*

Section 8451(a)(2)(A) uses almost identical language—"the employee would be able to render useful and efficient service"—to define the type of position that if "declined," renders an otherwise disabled employee ineligible for benefits. *Id.* § 8451(a)(2)(A)(iii). But within that definition is an explicit reference to the employee's ability to commute: the employee shall not be eligible for disability retirement benefits if she declines a reasonable offer of reassignment that is, *inter alia*, "within the employee's commuting area." *Id.* § 8451(a)(2)(A)(ii).

As is evident from the text of the two provisions, an employee's ability to commute is only mentioned in § 8451(a)(2)(A)(ii), the provision concerning an employee's refusal of a reassignment position. That is, despite using some of the same language in framing the disability retirement benefits inquiry, only § 8451(a)(2)(A) references the employee's ability to commute. That explicit inclusion in the refusal of a reassignment provision indicates that Congress intended to exclude considerations of the ability to commute in generally defining whether an employee can "render useful and efficient service," and is thus disabled, under § 8451(a)(1)(B). *Russello*, 464 U.S. at 23 ("We refrain from concluding . . . that the differing language in . . . two subsections has the same meaning in each."). Chafin points to nothing in the text, structure, or history of the provisions that suggests otherwise. Accordingly, the Board correctly refused to consider Chafin's inability to commute in concluding that she was not unable to render useful and efficient service.

We note that we are sympathetic to Chafin's situation. But the relevant provision, § 8451(a)(1)(B), as explained above, does not provide for accommodation based on Chafin's inability to commute due to economic circumstances or proximity to her job.

## B

We next turn to Chafin's fact-based argument that the determination that she was not unable to render useful and efficient service was otherwise not adequately supported. Chafin specifically points to the "Agency Certification of Reassignment and Accommodation Efforts" form that was submitted to OPM in her application for disability retirement benefits.   J.A. 58.   In that form, her supervisor checked a box stating that "the medical evidence presented to the agency *shows that accommodation is not possible due to the severity of the medical condition and the physical requirements of the position.*"   J.A. 58 (emphasis added). Based on that statement from her supervisor opining that she could not perform the duties required of an OST, Chafin asserts that it was "clear that [her] medical condition" caused her to be unable to "render useful and efficient service," and therefore the Board erred in finding otherwise.  Open. Br. 10.

But Chafin concedes that this is a fact-based argument beyond our review.    Reply Br. 1–2   (acknowledging § 8461(d) precludes review of factual determinations underlying the denial of a physical disability).  We are therefore statutorily barred from considering this argument because it is a request to reconsider a factual matter relating to OPM's determination that Chafin was not physically disabled.  5 U.S.C. § 8461(d); *Anthony*, 58 F.3d at 626.  Only the Board can review such matters.  5 U.S.C. § 8461(d); *Anthony*, 58 F.3d at 625.

### CONCLUSION

We have considered Chafin's remaining arguments but find them unpersuasive.  For the foregoing reasons, we affirm.

### AFFIRMED